UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MELODI E. EVENSON,                                                                        09-6105-TC

                        Plaintiff,

          v.                                                                     FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                        Defendant.

COFFIN, Magistrate Judge:

### Introduction

Plaintiff Melodi E. Evenson (Evenson) brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a final decision the Commissioner of the Social Security Administration denying her claim she is disabled within the meaning of the Act. For the reasons discussed below, the court should affirm the Commissioner's decision and dismiss this matter.

Evenson was born on December 19, 1957, and was 48 years old on January 5, 2006, her

Page 1 - FINDINGS AND RECOMMENDATION

alleged disability onset date. (Tr. 85, 11). Evenson alleges disability based on tremors, epilepsy, headaches, depression, and fatigue stemming from a ruptured cerebral artery aneurysm in January 2006. (Dkt. #13 at 1). Evenson's past work includes: care provider; janitor; gas station attendant; retailer; and mobile home detailer. Id. She has not performed substantial gainful activity since the onest date of her alleged disability. (Tr. 13).

The medical records in this case accurately set forth the Evenson's medical history as it relates to her claim for benefits. The court has carefully reviewed the medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be discussed below only as they are relevant to the issues before the court.

## Procedural Background

On March 22, 2007, Evenson filed an application for a period of disability and disability insurance benefits. (Tr. 11). The claim was denied initially and upon reconsideration. On April 28, 2008, an Administrative Law Judge (ALJ) held a hearing, and on June 6, 2008, the ALJ issued a decision denying benefits. (Tr. 11, 18). Evenson requested review of the ALJ's decision. On February 12, 2009, the Appeals Council denied review, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Evenson timely filed an action in this court.

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to Evenson is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th

Page 2 - FINDINGS AND RECOMMENDATION

Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996)(citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Evenson asserts that the ALJ erred by: (1) not fully crediting Evenson's testimony; (2) failing to give sufficient reasons for rejecting the opinions of treating and examining physicians of record; and (3) finding that Evenson could perform her past work as a janitor and mobile home detailer.

### I. Evenson's Credibility

It is the ALJ's job to resolve conflicts and questions of credibility, and a reviewing court must uphold those findings if they are based on substantial evidence. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The ALJ is required to consider a Social Security claimant's

testimony relating to subjective symptoms, such as pain or depression. 20 C.F.R. § 404.1529; Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). The ALJ, however, "cannot be required to believe every allegation of disabling pain," even when the claimant introduces medical evidence the shows a condition that would be expected to produce some pain. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). In weighing the claimant's credibility, the ALJ may consider: the "[c]laimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." Thomas v. Barnhart, 278 F.3d 947, 958 -959 (9th Cir. 2002)( internal quotations omitted).

Here, the ALJ found Evenson not entirely credible. The ALJ based her findings on Evenson's inconsistent statements. SSR 96-7 (stating "[One strong indication of the credibility of an individual's statement is their consistency both internally and with other information in the case record.") The ALJ noted that Evenson first stated she had to lie down for 50 percent of the day due to side-effects from seizure medication but then Evenson later testified that she spent 25 percent of the day sleeping. (Tr. 15-17). The ALJ also found that Evenson's testimony regarding her daytime sleepiness was in marked contrast to Evenson's May 2, 2007 report to Dr. Jensen that her daytime sleepiness had resolved completely after she separated from her abusive partner. (Tr. 15-16). Even though Evenson contends that her sleepiness returned since her visit to Dr. Jensen, any sleepiness after May 2007 is not reflected in the medical records. See e.g. Bayliss v. Barnhardt, 427 F.3d 1211, 1217 (9th Cir. 2005)(no duty to re-contact doctor for further information if evidence in medical records is adequate for ALJ's decision).

Page 4 - FINDINGS AND RECOMMENDATION

The ALJ noted that Evenson's testimony regarding her job with Goodwill Industries was inconsistent. Evenson first testified that she was absent from her employment at Goodwill approximately twice a week due to flashbacks. (Tr. 16). However, upon further questioning, Evenson admitted she had actually been fired from Goodwill because of methamphetamine abuse. The ALJ found that it was more likely that any absences during that period were related to drug abuse instead of flashbacks. (Tr. 16). The ALJ also found Evenson's testimony about her PTSD and abuse history to be conflicting: Evenson stated that due to this history she is unable to spend time around men; however, she admitted that she waited on men when she worked as a gas station attendant and that one of her home care clients was male. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001)(stating that a tendency to exaggerate is a legitimate consideration in determining crediblity). While Evenson reported hypervigilence around men to the consultative examiner, she did not indicate that she could not work around men. (Tr. 21-31). Further, the ALJ noted that despite the alleged severity of her mental health impairments, Evenson reported that she had not sought counseling, and was unable to articulate a reason why she had not sought treatment. Finally, the ALJ noted that in written questionnaires and at the consultative interview, Evenson reported engaging in needlepoint, reading all or part of a book daily and completing crossword puzzles for entertainment. At the hearing, however, Evenson testified that she was unable to engage in such activities except for easy crossword puzzles. (Tr. 136-43, 152-59, 324). Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)(noting that daily activities that are inconsistent with alleged symptoms compromise a relevant credibility consideration).

In short, I find that substantial evidence in the record supports the ALJ's finding that Evenson's statements regarding her limitations were not entirely credible.

## II. Opinions of Treating and Examining Physicians

The Ninth Circuit distinguishes among the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Where a treating or examining physician's opinion is uncontradicted, the Commissioner must provide "clear and convincing" reasons for rejecting the opinion. Id. The Commissioner may not reject the opinion of a treating or examining physician, even if contradicted by another physician, unless the rejection is for specific and legitimate reasons, supported by substantial evidence in the record. Id. at 830-31. The opinion of a non-examining physician cannot, by itself, constitute such substantial evidence. Id. at 831. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). To the extent that a physician's opinion is based on claimant's subjective complaints, it is properly given the same weight as the claimant's credibility. Tomapetyan, 242 F.3d at 1149. Most importantly, the opinion of a physician is not necessarily conclusive to either physical condition or the ultimate issue of disability. Thomas, 278 F.3d at 956.

Evenson argues that the ALJ did not adequately address: (1) the December 12, 2007 questionnaire filled out by Dr. Joan M. Jensen, M.D. and submitted by Evenson's attorney; (2) the letter from Dr. Jensen to the Appeals Council dated July 22, 2008; and (3) the results of the February 5, 2008 psychodiagnostic evaluation of Evenson by Dr. Ryan Scott, Ph.D. (Dkt. #13 at 4). For the following reasons, I find that the ALJ gave proper weight to the medical testimony that the ALJ's decision is supported by substantial evidence.

Page 6 - FINDINGS AND RECOMMENDATION

### A. Dr. Jensen

Evensen argues that the ALJ failed to adequately consider the December 2007 questionnaire that Evenson submitted to Dr. Jensen. The questionnaire asked Dr. Jenson to indicate whether Evenson could perform medium, light, or sedentary work and to provide her rationale for each conclusion. (Tr. 265-68). In response, Dr. Jensen stated that: "Melodi has a seizure disorder requiring medication that affects her mentation adversely. In addition and more significantly, Melody[sic] has a <u>severe</u> tremor which prevents her from being able to perform virtually any job. This significantly worsens with stress. She has anxiety and depression which exacerbates all of this." (Tr. 266)(emphasis in original). Dr. Jensen also indicated that Evenson would be unable to perform light and sedentary work, and would be unable to work more than two days a month due to her impairments. (Tr. 266-268). The ALJ incorporated Dr. Jensen's opinion regarding Evenson's seizure disorder into the residual functional capacity (RFC) assessment by specifically limiting Evenson to one to three step tasks. (Tr. 14-15).

The ALJ's rejection of Dr. Jensen's opinion that Evenson's tremor precluded her from performing any job is supported by substantial evidence on the record. The ALJ noted that Dr. Jensen had stated a contrary opinion just four months earlier; specifically, the medical records reflected that Dr. Jensen had opined that Evenson's hand tremor was absent at rest and very minimal with activity. (Tr. 17, 271). Dr. Jensen further noted that Evenson stated her tremor had become worse lately, but the doctor did not notice it in the examination. (Tr. 17, 270-71). The ALJ noted that Dr. Jensen's questionnaire response was at odds with her medical records, and responses on a questionnaire that are inconsistent with the answering physician's medical records may be rejected. <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1041 (9th Cir. 2008). I find that

Page 7 - FINDINGS AND RECOMMENDATION

the ALJ properly rejected Dr. Jensen's opinion of disability. Id.

### B. Post-Hearing Letter Submitted to the Appeals Council

On July 22, 2008, after the ALJ issued her decision, Evenson submitted a letter from Dr. Jensen, which was dated July 22, 2008 to the Appeals Council. Evenson argues that the Appeals Council erred by accepting the letter as part of the record, but failing to change their opinion or to remand the case for further consideration. A review of the July 22 letter reveals that it did not include any new objective medical findings, was contrary to Dr. Jensens' 2007 evaluation, and was largely based on Evenson's subjective complaints. (Tr. 339). I cannot find that the letter was material new evidence as it did not create a reasonable possibility of changing the outcome. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). The ALJ's decision is supported by substantial evidence, which was not changed by the post-decision letter provided to the Appeal's Council. Accordingly, I find that the Appeals Council did not err by not changing their opinion or remanding the matter.

### C. Dr. Scott's Opinion

Finally, Evenson contends that the ALJ erred by failing to properly account for Dr. Scott's opinion regarding Evenson's limitations. (Dkt. #13 at 7). Dr. Scott performed a psychodiagnostic evaluation of Evenson in February 2008. (Tr. 321). Dr. Scott evaluated issues of depression and memory loss, noting that Evenson's seizure disorder was beyond the evaluation's scope. Dr. Scott diagnosed major depressive disorder, moderate, recurrent, and PTSD. Specifically, Dr. Scott found that Evenson had a marked limitation in her ability to make judgments on complex work related decisions and that Evenson had moderate limitations in her ability to interact appropriately with the public, co-workers, and supervisors. (Tr. 326-27). On

Page 8 - FINDINGS AND RECOMMENDATION

Dr. Scott's evaluation form, "moderate limitation" was defined as "more than slight limitation in this area, but the individual is still able to function satisfactorily." (Tr. 326). Accordingly, the ALJ was not required to include moderate limitations in Evenson's RFC assessment because Evenson was "still able to function satisfactorily" in these areas. Dr. Scott's opinion was based on Evenson's reporting. (Tr. 321, 325).

The ALJ specifically noted that her RFC assessment was consistent with Dr. Scott's opinion. (Tr. 17). The ALJ limited Evenson to one to three step tasks due to the impact of stress on her titubating tremor and to brief, superficial public contact due to her depression. (Tr. 14-15). The ALJ also specifically noted Dr. Scott's opinion that Evenson was limited in her ability to make "complex work-related decisions" and limited Evenson to work with no more than one to three step tasks. (Tr. 14-15). In short, I find that the ALJ adequately considered Dr. Scott's opinion in crafting her residual functional capacity assessment.

### III. Evenson's Ability to Perform her Past Relevant Work

The ALJ found that Evenson's RFC allowed her to perform her past work as a janitor and mobile home detailer. (Tr. 17-18). Evenson argues that these jobs fall outside her RFC because both jobs require General Educational Development (GED) level two reasoning. Evenson equates level two reasoning with an ability to carry out detailed tasks.

The U.S. Department of Labor's Dictionary of Occupational Titles (DOT) defines GED level two reasoning as "commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations" 769.687-054 (4th ed. 1991). The DOT definition reflect's an individual's educational achievement in math, reasoning, and language, but it does not reflect the duties or

Page 9 - FINDINGS AND RECOMMENDATION

tasks that an individual would be required to perform on a specific job. The identified jobs of janitor and mobile home detailer do not require performance of more than simple tasks, which is consistent with the ALJ's RFC finding. Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005)(the level 2 reasoning appears consistent with plaintiff's RFC for simple, repetitive work).

I find that the jobs identified by the ALJ are consistent with Evenson's RFC.

### Conclusion

I find that the ALJ's decision is supported by substantial evidence and was decided by the proper legal standards. For these reasons, I recommend that the court affirm the Commissioner's decision and enter final judgment.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 6 day of May 2010.

THOMAS M. COFFIN
United States Magistrate Judge